IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,268






EX PARTE ELBA RAY BAILEY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 00-04-8430CR IN THE 25TH JUDICIAL DISTRICT COURT

 OF LAVACA COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated sexual assault, and punishment was assessed at ninety-nine years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
has entered findings of fact indicating that although Applicant expressed his desire to appeal
his conviction to his trial counsel, counsel neither filed a motion for a new trial nor a timely
notice of appeal. Furthermore, counsel never filed a motion to withdraw from his
representation, or a motion to have new appellate counsel appointed for Applicant. We
believe that Applicant is entitled to an out-of-time appeal. Tex. Code Crim. Proc. art. 26.04
(j) (2), requires appointed counsel to "represent the defendant until charges are dismissed,
the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties or
replaced by other counsel". The duty to perfect an appeal attaches whether counsel is
appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for
new trial or give timely notice of appeal, unless relieved by the trial court or replaced by
other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 00-04-8430CR from the 25th Judicial District Court of Lavaca
County. The proper remedy in a case such as this is to return Applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that Applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: October 19, 2005